# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF VIRGINIA

Tyease Williams, individually and as parent and next friend of her Minor Daughter  ),

Plaintiff,

v.

Navy Federal Credit Union,

Westview Financial Services, LLC,

Defendants.

Civil Action No. 3:25cv881

JURY TRIAL DEMANDED



## TABLE OF CONTENTS

1. I. Parties .................................................. ¶¶ 1–4

2. II. Jurisdiction and Venue .................... ¶¶ 5–7

3. III. Factual Allegations .......................... ¶¶ 8–21

4. IV. Causes of Action

- COUNT I – Wrongful Garnishment / Abuse of Process (¶¶ 22–27)

- COUNT II – Unauthorized Access / EFTA Violation (¶¶ 28–34)

- COUNT III – Negligence / Mishandling of Custodial Funds (¶¶ 35–42)

- COUNT IV – Breach of Internal Garnishment Policy (¶¶ 43–50)

- COUNT V – Unjust Enrichment (¶¶ 51–56)

- COUNT VI – Invasion of Privacy / Misuse of Minor's Information (¶¶ 57–64)

- COUNT VII – Breach of Good Faith and Fair Dealing (¶¶ 65–72)

- COUNT VIII – Violation of Published Privacy Policy (¶¶ 73–80)

- COUNT IX – Breach of Fiduciary Duty (¶¶ 81–88)

- COUNT X – Violation of the Fair Credit Reporting Act (FCRA) (¶¶ 89–95)

- COUNT XI – Declaratory and Injunctive Relief (¶¶ 96–99)

## SUMMARY OF CLAIMS

Plaintiff asserts the following causes of action:

1. Wrongful Garnishment / Abuse of Process – for initiating a garnishment after judicial denial.

2. EFTA Violation – for unauthorized access to a custodial account.

3. Negligence – for failing to safeguard Plaintiff's daughter's account.

4. Breach of Internal Garnishment Policy – for acting contrary to Navy Federal's Form 652a.

5. Unjust Enrichment – for retaining garnishment fees not lawfully owed.

6. Invasion of Privacy – for misusing minor financial data.

7. Breach of Good Faith and Fair Dealing – for refusing to correct a known improper action.

8. Violation of Published Privacy Policy – for failing to honor published member protections.

9. Breach of Fiduciary Duty – for failure to protect entrusted minor funds.

10. FCRA Violation – for Westview's inaccurate credit reporting.

11. Declaratory & Injunctive Relief – to prevent recurrence and secure future protections.

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Tyease Williams, individually and as next friend of her minor daughter, and states her Complaint against Defendants Navy Federal Credit Union and Westview Financial Services, LLC as follows:

## PARTIES

1. Plaintiff Tyease Williams is a resident of the Commonwealth of Virginia.

2. Plaintiff brings this action on behalf of her Minor Daughter, [REDACTED]

3. Defendant Navy Federal Credit Union ("NFCU") is a federally chartered credit union headquartered in Vienna, Virginia.

4. Defendant Westview Financial Services, LLC ("Westview") is a now-closed financial services business that operated in Virginia and remains liable for its past actions.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) for claims arising under the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), and the Electronic Fund Transfer Act (15 U.S.C. § 1693 et seq.).

6. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b) as the events occurred in this district and both Defendants conduct business here.

## COUNT I – WRONGFUL GARNISHMENT / ABUSE OF PROCESS

(Va. Code §§ 8.01-511, 8.01-512.4; Common Law Abuse of Process; Constitutional Due Process)

Against: Westview Financial Services, LLC and Navy Federal Credit Union

8. Plaintiff re-alleges paragraphs 1 through 7 as if fully set forth herein.

9. On or about October 23, 2023, a civil judgment was entered against Plaintiff in favor of Defendant Westview Financial Services, LLC.

10. The court expressly denied Westview's request for garnishment, thus prohibiting them from collecting via wage or bank garnishment.

11. Despite this judicial denial, Westview knowingly submitted a garnishment request to Navy Federal Credit Union.

12. Navy Federal Credit Union acted upon the invalid garnishment request by withdrawing $50.03 in garnishment-related fees.

13. These funds were not held in Plaintiff's name but were part of a custodial account established for her minor daughter, Minor Daughter.

14. Plaintiff notified Navy Federal and provided documentation of the court's denial of garnishment.

15. Navy Federal refused to reverse the transaction, stating the fee had already been applied.

16. Plaintiff was forced to replace her daughter's funds using her own limited income to maintain trust and avoid distress.

17. The garnishment request and subsequent bank action were both improper and caused financial harm, emotional distress, and interference with access to the account.

WHEREFORE, Plaintiff demands judgment against Defendants Westview Financial Services, LLC and Navy Federal Credit Union for:

- Compensatory damages;

- Punitive damages for abuse of process and willful disregard of court orders;

- Equitable relief including return of wrongfully taken funds;

- Attorney's fees and costs where applicable;

- Any further relief this Court deems just and proper.

---

18. Plaintiff incorporates all preceding paragraphs by reference.

## COUNT II – UNAUTHORIZED ACCESS / ELECTRONIC FUND TRANSFER VIOLATION

(Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.; Regulation E, 12 C.F.R. § 1005.1 et seq.)

Against: Navy Federal Credit Union

19. The Electronic Fund Transfer Act (EFTA) prohibits unauthorized electronic fund transfers from consumer accounts without proper authorization and notice.

20. Plaintiff held a custodial account at Navy Federal Credit Union on behalf of her minor daughter, Minor Daughter.

21. On or around October 2, 2023, Navy Federal debited $50.03 from the custodial savings account in response to an unlawful garnishment request.

22. Plaintiff did not authorize this transaction, and the court had already denied the underlying garnishment request submitted by Westview Financial.

23. Navy Federal's actions constituted an unauthorized electronic fund transfer under the EFTA.

24. Plaintiff promptly notified Navy Federal of the error and provided proof of the court's denial.

25. Navy Federal refused to reverse the transfer or provide provisional credit, contrary to its obligations under Regulation E.

26. As a result of this unauthorized withdrawal, Plaintiff experienced economic harm, emotional distress, and diminished trust in the financial institution.

WHEREFORE, Plaintiff demands judgment against Navy Federal Credit Union for:

- Statutory damages under 15 U.S.C. § 1693m(a);

- Actual damages for out-of-pocket loss and replacement of funds;

- Equitable relief including full restitution and correction of records;

- Attorney's fees and costs; and

- Any additional relief the Court deems just and proper.

---

27. Plaintiff incorporates all preceding paragraphs by reference.

## COUNT III – NEGLIGENCE / MISHANDLING OF CUSTODIAL FUNDS

(Common Law Negligence; Fiduciary Duty Principles; Uniform Transfers to Minors Act)

Against: Navy Federal Credit Union

28. Navy Federal Credit Union had a duty to manage custodial accounts in accordance with applicable banking regulations and fiduciary principles.

29. The account from which $50.03 was withdrawn was a custodial account held by Plaintiff for the benefit of her Minor Daughter.

30. Plaintiff did not authorize any garnishment or third-party withdrawal from this custodial account.

31. Navy Federal failed to exercise reasonable care in verifying the validity and enforceability of the garnishment request.

32. Navy Federal ignored Plaintiff's protest and evidence that the garnishment had been denied by the court.

33. This failure to act with reasonable care constitutes negligence and breach of their obligation to protect minor funds.

34. As a direct result of this breach, Plaintiff and her daughter suffered economic loss, stress, and fear regarding future access to the account.

WHEREFORE, Plaintiff demands judgment against Navy Federal Credit Union for:

7                            Civil Action No. 3:25cv881  Redacted - 11/14/25

- Actual and compensatory damages for loss of funds and emotional harm;

- Equitable relief requiring better safeguards over custodial funds;

- Punitive damages for gross negligence or reckless indifference;

- Costs of this action and other relief the Court deems appropriate.

---

35. Plaintiff incorporates all preceding paragraphs by reference.

## COUNT IV – BREACH OF INTERNAL GARNISHMENT POLICY

(Internal Governance; Estoppel; Duty of Good Faith and Fair Dealing)

Against: Navy Federal Credit Union

36. Navy Federal Credit Union publishes and disseminates a Garnishment Policy (Form NFCU 652a), stating it will comply only with valid legal garnishment orders.

37. The garnishment order submitted by Westview Financial Services was denied by the court and therefore lacked legal effect.

38. Despite this, Navy Federal proceeded to process the garnishment and withdraw $50.03 from a custodial account.

39. Navy Federal failed to notify Plaintiff of its intent to act on the invalid garnishment or offer any opportunity to contest the freeze or fee, contrary to its own published procedure.

40. When Plaintiff challenged the transaction, Navy Federal stated it was "just policy" and refused to take corrective action.

41. This conduct constitutes a breach of internal policy, unjust application of institutional authority, and bad faith treatment of a member account.

42. Plaintiff and her daughter were harmed by the unauthorized loss of funds and resulting distress and confusion.

WHEREFORE, Plaintiff demands judgment against Navy Federal Credit Union for:

- Equitable relief including a declaratory ruling of policy breach;

- Compensatory damages for emotional and financial harm;

- Punitive damages for reckless disregard of policy;

- Attorney's fees and any other relief deemed proper by the Court.

---

43. Plaintiff incorporates all preceding paragraphs by reference.

## COUNT V – UNJUST ENRICHMENT

(Restitution / Quasi-Contract Theory)

Against: Navy Federal Credit Union

44. Navy Federal received and retained $50.03 in fees arising from a garnishment action that was legally denied by the court.

45. These funds were removed from a custodial account belonging to Plaintiff's minor daughter, who owed no debt and was not a party to the underlying judgment.

46. Navy Federal provided no valid service or legal justification for retaining this fee.

47. Plaintiff made prompt efforts to rectify the transaction and provided documentation of the invalid garnishment.

48. Navy Federal refused to return the funds, despite the absence of any legal entitlement to them.

49. By retaining the funds, Navy Federal has been unjustly enriched at the expense of both Plaintiff and her daughter.

50. Equity and good conscience require restitution.

WHEREFORE, Plaintiff demands judgment against Navy Federal Credit Union for:

- Restitution of the $50.03 fee wrongfully retained;

- Pre-judgment and post-judgment interest;

- Any additional equitable relief the Court deems just and proper.

---

51. Plaintiff incorporates all preceding paragraphs by reference.

## COUNT VI – INVASION OF PRIVACY / MISAPPROPRIATION OF MINOR'S FINANCIAL INFORMATION

(Common Law Invasion of Privacy; Children's Online Privacy Protection Act (COPPA); Parental Fiduciary Rights)

Against: Navy Federal Credit Union

52. Plaintiff's Minor Daughter, maintained funds in a custodial savings account held at Navy Federal Credit Union.

53. This account was not connected to any debt obligation and was protected under Virginia and federal custodial account laws.

54. Navy Federal accessed, debited, and utilized information from this account without proper legal justification or parental consent.

55. No garnishment, judgment, or legal proceeding named or implicated Minor Daughter as liable.

56. By accessing and withdrawing funds from this account, Navy Federal intruded upon the financial privacy of a minor and misused information entrusted solely for safekeeping.

57. Navy Federal's actions constitute an unlawful invasion of privacy, misuse of minor account data, and breach of Plaintiff's custodial control.

58. Plaintiff and her daughter suffered financial disruption, stress, and fear of further intrusion.

WHEREFORE, Plaintiff demands judgment against Navy Federal Credit Union for:

- Compensatory damages for the unauthorized access and emotional harm caused;

- Equitable relief including an injunction against future intrusion on minor accounts;

- Punitive damages for reckless disregard of custodial protections;

- Any further relief this Court deems just and proper.

---

59. Plaintiff incorporates all preceding paragraphs by reference.

## COUNT VII – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

(Common Law Contract Principles; Uniform Commercial Code § 1-304; Internal Membership Agreements)

Against: Navy Federal Credit Union

60. Navy Federal Credit Union owed Plaintiff a duty of good faith and fair dealing in its handling of accounts, particularly with respect to trust accounts and garnishment procedures.

61. Plaintiff and her minor daughter were members in good standing with Navy Federal at the time of the incident.

62. The garnishment request submitted by Westview Financial had already been denied by a court of competent jurisdiction.

63. Navy Federal nonetheless processed the garnishment request and charged Plaintiff's daughter's account a $50.03 fee without proper notice, consent, or verification.

64. When Plaintiff presented documentation proving the garnishment was invalid, Navy Federal declined to reverse or investigate the charge, stating that "it's just policy."

65. These actions demonstrate bad faith and failure to uphold the implicit duty of fair dealing inherent in the parties' financial relationship.

66. Plaintiff suffered reputational harm, account disruption, and monetary loss as a direct result of this breach.

WHEREFORE, Plaintiff demands judgment against Navy Federal Credit Union for:

- Compensatory damages for breach of contractual expectations and resulting harm;

- Equitable relief requiring better oversight of garnishment responses;

- Attorney's fees and any further relief the Court deems just and proper.

---

67. Plaintiff incorporates all preceding paragraphs by reference.

...[existing content]...

---

## Count VIII – Breach of Internal Garnishment Policy (NFCU 652a)

(Contract and internal policy violations; common law negligence; breach of duty of care)

68. Navy Federal's own Digital Banking Terms and Conditions (NFCU 652a) require:

    a. Compliance only with valid legal process (Section 20);

    b. Custodial account funds must be used only for the benefit of the minor (Section 10);

    c. Errors must be addressed promptly upon notification (Section 7).

69. Despite the garnishment being judicially denied, Navy Federal processed the garnishment anyway.

    a. It withdrew $50.03 from a custodial savings account held for Plaintiff's minor daughter;

    b. When Plaintiff presented documentation, NFCU refused to reverse the transaction or investigate.

70. Navy Federal had constructive and actual notice that:

    a. The garnishment was denied by court order;

    b. The account belonged to a minor and was not legally subject to seizure;

    c. Plaintiff disputed the fee immediately, both verbally and with documentation.

71. As a result:

    a. Plaintiff was forced to reimburse her daughter to preserve parental trust;

    b. The account went dormant out of fear of recurring abuse;

    c. Plaintiff suffered financial hardship and emotional distress.

72. Damages:

    a. $50.03 in actual damages;

    b. Consequential losses from account dormancy and fear-based avoidance of banking services;

    c. Emotional and parental distress;

    d. Equitable relief to prevent recurrence.

73. WHEREFORE, Plaintiff prays for judgment against Navy Federal Credit Union as follows:

    a. Compensatory and punitive damages in an amount to be determined at trial;

    b. Declaratory and injunctive relief for future custodial account protection;

    c. Attorney's fees and costs;

    d. Any other relief this Court deems just and proper.

---

74. Plaintiff incorporates all preceding paragraphs by reference.

## COUNT IX – BREACH OF FIDUCIARY DUTY

(Common Law Fiduciary Obligations; Custodial Banking Principles; Uniform Transfers to Minors Act)

Against: Navy Federal Credit Union

75. As custodian of financial accounts and fiduciary agent over member funds, Navy Federal owed a heightened duty of care, loyalty, and diligence, especially in its management of

accounts held for minors.

76. Navy Federal was entrusted with safeguarding Plaintiff's daughter's custodial account and ensuring compliance with all applicable laws and internal policies.

77. By withdrawing $50.03 from the minor's account in response to an invalid garnishment request, Navy Federal acted outside the scope of its fiduciary obligations.

78. Navy Federal failed to confirm the legal validity of the garnishment and ignored evidence supplied by Plaintiff that the garnishment was denied.

79. Navy Federal further failed to notify Plaintiff, obtain consent, or investigate the breach when alerted, thereby compounding the harm.

80. This conduct breached the fiduciary duty Navy Federal owed to both Plaintiff and her minor daughter.

81. As a result, Plaintiff suffered loss of trust, emotional distress, financial hardship, and was forced to replace her daughter's funds out of her own limited resources.

WHEREFORE, Plaintiff demands judgment against Navy Federal Credit Union for:

- Compensatory damages for fiduciary breach and emotional harm;
- Restitution of wrongfully withdrawn funds;
- Punitive damages for willful or reckless misconduct;
- Any further relief the Court deems equitable and just.

---

82. Plaintiff incorporates all preceding paragraphs by reference.

## COUNT X – VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

(15 U.S.C. § 1681s-2; § 1681i; § 1681e(b))

Against: Westview Financial Services, LLC

83. Westview Financial Services furnished derogatory credit information to TransUnion under the tradename "WESTVIEWFNSV."

84. The tradeline reported Plaintiff as delinquent on a debt that had been judicially resolved and legally unenforceable through garnishment.

85. Plaintiff disputed the tradeline in good faith through TransUnion on or about May 12, 2025, and the dispute was approved on June 3, 2025.

86. The tradeline was subsequently deleted by TransUnion, indicating that the information was inaccurate, unverifiable, or both.

87. Westview either failed to conduct a reasonable investigation in response to the dispute or knew the debt was not lawfully reportable and failed to update or remove the tradeline.

88. As a result, Plaintiff suffered adverse credit effects, reputational damage, increased financial stress, and loss of access to financial opportunities during an already vulnerable time.

WHEREFORE, Plaintiff demands judgment against Westview Financial Services, LLC for:

- Statutory damages under 15 U.S.C. § 1681n and/or § 1681o;

- Actual damages for credit harm, stress, and financial loss;

- Punitive damages for willful violations of FCRA obligations;

- Attorney's fees and costs as provided by law;

- Any other relief this Court deems appropriate.

---

89. Plaintiff incorporates all preceding paragraphs by reference.

## COUNT XI – DECLARATORY AND INJUNCTIVE RELIEF

(28 U.S.C. §§ 2201–2202; Equitable Powers of the Court)

Against: All Defendants

90. A present and actual controversy exists between Plaintiff and Defendants regarding the legality of the garnishment, the unauthorized removal of funds, and the mishandling of minor financial data.

91. Navy Federal continues to hold accounts for Plaintiff and her minor child and has failed to implement safeguards or provide written assurance that similar conduct will not recur.

92. Westview Financial's prior actions in filing an unenforceable garnishment and reporting tradelines raise questions about future debt enforcement tactics and credit reporting.

93. Plaintiff remains at risk of further injury without intervention of this Court.

WHEREFORE, Plaintiff respectfully requests that this Court:

- Issue a declaratory judgment that Defendants' actions were unlawful and violated Plaintiff's rights;

- Enjoin Navy Federal from applying garnishment fees or withdrawals to custodial accounts absent court order or legal basis;

- Enjoin Westview from furnishing derogatory credit data regarding resolved or unverified debts;

- Award costs of suit and any other relief this Court deems just and necessary to prevent future harm.

## COUNT XII – REQUEST FOR EQUITABLE AND INJUNCTIVE RELIEF

(28 U.S.C. §§ 2201–2202; Common Law Equitable Doctrines; Doctrine of Unclean Hands; Equitable Estoppel)

Against: Navy Federal Credit Union and Westview Financial Services, LLC

100. Plaintiff incorporates all preceding paragraphs by reference.

101. Navy Federal Credit Union initiated garnishment fee withdrawals from custodial funds without valid legal authority or judicial order, violating its own policies and harming both Plaintiff and her minor child.

102. Westview Financial Services, despite being judicially denied garnishment rights, proceeded to submit garnishment paperwork, resulting in unauthorized debits and

further financial harm.

103. Plaintiff remains at risk for recurrence of these violations without judicial intervention.

104. Westview's continued assertion of this debt—despite its abuse of the garnishment process and its refusal to verify the debt under dispute—demonstrates bad faith.

105. Navy Federal's refusal to refund the garnished custodial funds despite prompt notice constitutes a systemic breakdown in its duties to account holders.

106. Defendants' combined conduct renders further attempts to collect, report, or enforce this debt inequitable and harmful to Plaintiff's financial stability.

WHEREFORE, Plaintiff respectfully requests:

- An order permanently enjoining Navy Federal from applying garnishment fees or freezing custodial accounts without enforceable legal process;
- An order requiring revisions to NFCU garnishment policy to protect minor beneficiaries;
- An order barring Westview from further collection or reporting of the disputed debt;
- A declaration that the debt is uncollectible and void under the doctrine of unclean hands;
- Any additional equitable relief this Court deems just.

---

## WHEREFORE – PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants Navy Federal Credit Union and Westview Financial Services, LLC, jointly and severally where appropriate, and award the following:

1. Compensatory damages in the amount of $200,000.00, including but not limited to:
   - Direct financial loss and garnishment-related withdrawals ($50.03 and related replacement funds);
   - Emotional distress and psychological harm stemming from unauthorized garnishment, custodial breach, and retraumatization;

- - Reputational and credit harm arising from unauthorized tradeline reporting and account disruptions;

  - Damages stemming from disruption of housing, transportation, and banking access;

  - Fiduciary and trust-related harm caused to Plaintiff's minor child;

2. Statutory damages under applicable federal law including but not limited to:

    - The Fair Credit Reporting Act (FCRA);

    - The Electronic Funds Transfer Act (EFTA);

    - Any other applicable consumer protection statutes;

3. Punitive damages for willful, wanton, or malicious disregard of Plaintiff's rights and policies by Defendants;

4. Equitable and injunctive relief as detailed in Count XII, including:

    - Permanent injunctive protection against future garnishment activity involving custodial accounts;

    - Nullification and extinguishment of any remaining balance alleged by Westview Financial Services due to unclean hands;

5. Declaratory relief recognizing all violations of law and policy described herein;

6. Attorney's fees and costs, to the extent permitted;

7. Such other relief as the Court deems just and necessary to fully redress Plaintiff's harms and prevent recurrence.

---

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Tyease Williams

Plaintiff, Pro Se

General delivery

12300 Rock Hill Dr.

Chester, VA 23831

804-504-9038

Tyease@outlook.com

---

## GLOBAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and grant the following relief:

1. Compensatory damages in an amount to be determined at trial for actual economic losses, out-of-pocket expenses, and emotional distress;

2. Punitive damages for willful, malicious, or reckless disregard of Plaintiff's and her daughter's rights;

3. Statutory damages as permitted under the FCRA, FDCPA, EFTA, and other applicable federal and state laws;

4. Equitable and declaratory relief including but not limited to correction of account records, expungement of inaccurate credit reporting, and injunctive relief against further violations;

5. Restitution of all wrongfully assessed or retained fees;

6. Attorneys' fees and litigation costs pursuant to applicable statutes;

7. Any other relief this Court deems just and proper in the interests of equity and justice;

AND

8. That judgment be entered in favor of Plaintiff in the amount of $200,000.00 as full and fair compensation for all injuries sustained.

## VERIFICATION

I, Tyease Williams, pursuant to 28 U.S.C. § 1746, verify under penalty of perjury that the factual allegations set forth in this Complaint are true and correct to the best of my knowledge, information, and belief.

Executed this 11th day of November, 2025.

Respectfully submitted,

/s/ Tyease Williams

Tyease Williams

Plaintiff, Pro Se

General delivery

12300 Rock Hill Dr.

Chester, VA 23831

804-504-9038

Tyease@outlook.com

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

End of Complaint

**NOTE ON DAMAGES CONTEXT:**

Plaintiff refers the Court to the **Addendum – Eggshell Plaintiff Doctrine Contextualization** included at the end of this Complaint, which explains how Plaintiff's underlying debt originated from her attempt to clear her name after a wrongful arrest, and how the trauma from that experience rendered her uniquely vulnerable to the emotional and financial harm caused by Defendants' unlawful garnishment and failure to remedy it. This context is vital to understanding the scope of Plaintiff's damages and supports her entitlement to enhanced compensatory and equitable relief.

# ADDENDUM – EGGSHELL PLAINTIFF DOCTRINE CONTEXTUALIZATION

Plaintiff respectfully submits the following to clarify the full extent of her damages and the psychological impact resulting from the Defendants' unlawful actions:

Plaintiff was already under significant psychological and financial strain stemming from a **wrongful arrest and misidentification in early 2023**. The debt to Westview Financial Services arose directly from her attempt to travel to clear her name—a decision made under duress during an identity crisis initiated by state and institutional failures. This act was made in good faith and would not have occurred but for extraordinary and traumatic circumstances.

Following her arrest and legal ordeal, Plaintiff experienced prolonged trauma, anxiety, and functional disruption. She began isolating, missed critical deadlines, stopped leaving her home, and defaulted on numerous financial obligations—behaviors entirely uncharacteristic of her prior self. Her accounts reflect this sharp decline in functionality.

The unauthorized garnishment, especially against her daughter's custodial funds, further destabilized her emotional and financial situation. These events destroyed her trust in her bank and contributed to long-term avoidance of traditional financial institutions.

Under the well-established **Eggshell Plaintiff Doctrine**, Defendants are fully liable for all consequences of their misconduct—even if the Plaintiff was particularly susceptible to harm:

- Navy Federal acted despite a court's denial of garnishment and failed to return funds after prompt notice.

- Westview knowingly pursued garnishment despite legal restrictions and failed to verify the disputed debt.

- The seizure of a child's savings account magnified emotional distress and compounded Plaintiff's trauma.